

> APPLICATION DENIED
> SO ORDERED
> VERNON S. BRODERICK
> U.S.D.J.  3/15/2024
>
> Having considered the relevant factors, including whether Defendants have made a "strong showing" that Plaintiffs' claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendants have not met their burden to show good cause why discovery should be stayed.  The parties are directed to file an amended Case Management Plan by March 22, 2024.  The Clerk of Court is respectfully directed to terminate the open motions at Docs. 16 & 33.

Jeffrey G. Landis
jeff@zwillgen.com

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

  Re: *Afriyie v. NBCUniversal Media, LLC*, Case No. 1:23-09433-VSB | Defendants'
    Letter-Motion to Stay Discovery

Dear Judge Broderick:

  We represent NBCUniversal Media, LLC ("NBCU") and Peacock TV LLC ("Peacock," together with NBCU, "Defendants") in the above-referenced matter. Defendants respectfully move the Court to stay discovery pending the resolution of their concurrently filed motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). *See* Dkt. No. 24 (FAC); Dkt. No. 31 (Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss the FAC). The parties have conferred, and Plaintiffs oppose this stay motion.

  For good cause, courts in this District routinely stay discovery when a dispositive motion is pending. *See* Fed. R. Civ. P. 26(c); *see also, e.g.*, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In determining whether to grant such a stay, courts consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (cleaned up). Here, each factor weighs heavily in favor of a stay.

**I.  Defendants Have Presented Strong Arguments for Dismissing All Claims.**

  Although Plaintiffs have amended their complaint, the FAC does not materially change Plaintiffs' theories of liability. As before, Defendants have made a strong showing in their motion to dismiss—supported by "multiple, independent arguments," summarized below—that all of Plaintiffs' claims lack merit and, therefore, that the FAC should be dismissed in its entirety. *Alapaha*, 2021 WL 1893316, at *2 (cleaned up). A stay is thus appropriate. *See id.* (staying discovery when a pending motion to dismiss was "potentially dispositive, and appear[ed] to be not unfounded in the law" (cleaned up)); *see also, e.g.*, *Heredia v. Americare, Inc.*, No. 17-cv-6219, 2018 WL 11579756, at *2 (S.D.N.Y. May 1, 2018).

March 8, 2024
Page 2

*VPPA and VCPA claims*: Principally, Plaintiffs' video privacy claims fail because the device-level information that was allegedly disclosed to third parties does not, as a matter of law, constitute personally identifiable information ("PII") under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, or New York's analogous statute, the Video Consumer Privacy Act ("VCPA"), N.Y. Gen. Bus. Law § 675. On its face, the relevant device identifiers Defendants allegedly disclosed do not identify any person—a fact Plaintiffs do not dispute—so their disclosure cannot support liability under the VCPA. *See* Dkt. No. 31 at 12-13. And federal courts across the country (including the Third Circuit, the Ninth Circuit, and courts in this District) have similarly interpreted the VPPA to require that the allegedly disclosed information itself do the relevant identifying—not the disclosed information *combined with* information collected by third parties, as Plaintiffs contend. *See id.* at 12-15. That majority view makes good sense and avoids the absurd outcome of a disclosure's lawfulness turning on circumstances beyond a video service provider's control. *See id.* at 15. There is little reason to launch into discovery when Plaintiffs' case rests on a widely rejected theory of liability. But even under that theory, Plaintiffs have not alleged facts sufficient to establish that any disclosure of their PII occurred here; that third-party, Adobe, linked data it allegedly received from Defendants to individual profiles it may have maintained about Plaintiffs; or that Defendants knew they were disclosing Plaintiffs' PII. *See id.* at 15-18. Those deficiencies are fatal.

The VPPA and VCPA claims also fail for additional, independent reasons. Plaintiffs are not statutory "consumers" of several apps the FAC references. *See* Dkt. No. 31 at 18-19. And Defendants are not even subject to the VCPA, which regulates only video rentals and video sales—neither of which applies to Defendants. *See id.* at 20.

*Deceptive Trade Practices and Unjust Enrichment claims*: Plaintiffs also fail to plead a claim under New York's Uniform Deceptive Trade Practices Act, Gen. Bus. Law § 349. Plaintiffs now *expressly* base that claim on Defendants' alleged non-compliance with the VPPA and VCPA. *See* FAC ¶ 149. But, as discussed, those statutes do not apply here, or relate to deceptive or misleading trade practices, so they cannot ground a GBL § 349 claim. Plaintiffs also identify no alleged misrepresentation, resting instead on conclusory allegations about purported "deceptive representations" generally, which fail federal pleading requirements. *Id.* ¶ 153. Plaintiffs' omission theory fails too because there was no omission: Defendants' practices were detailed in publicly available documents referenced in the FAC. *See* Dkt. No. 31 at 22-23. And Plaintiffs cannot plead that any purported deceptive acts were material to Plaintiffs' purchase decisions, especially given that Plaintiffs allegedly continue to maintain their respective subscriptions. *See id.* at 21. Because Plaintiffs' unjust enrichment claim merely recasts Plaintiffs' video privacy claims, alleging no independent wrong, it is duplicative and cannot stand. *See id.* at 24-25.

II.   **A Stay Would Avoid Burdensome Discovery Plaintiffs Have Already Sought.**

The onerous burden Defendants will face should discovery proceed also favors a stay. To date, Plaintiffs have propounded 27 document requests on Defendants (*see* Landis Declaration, Ex. A). Setting aside the sheer number of requests, they are also breathtakingly broad. For example, Plaintiffs seek, without limitation, *all* documents, communications, and data relating to *every* video watched on *every* NBCU App that was made available to *any* third party over a 10+ year period. They seek this information *regardless* of whether it is identifying (*e.g.*, Plaintiffs ask for every piece of "anonymized" data too) or connected to the claims here (*e.g.*, Plaintiffs separately ask for

March 8, 2024
Page 3

"PII" *and* "Video Viewing History," even though their claims depend on an established connection between the two; *see* Ex. A, Requests 2 and 3.) Plaintiffs' other requests are similarly expansive, seeking *all* documents or communications relating to multiple different topics over a time period that *exceeds* Plaintiffs' proposed class period. (*See id.*, Requests 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 18, 21, 27.) Plaintiffs have also issued similarly onerous subpoenas to at least nine different third parties, most of which are not even referenced in the FAC. *See* Landis Decl. ¶ 3.

Courts have recognized that such broad discovery requests impose significant burdens that should be deferred until the complaint's sufficiency can be tested. In *Broccoli v. Ashworth*, the Court found the discovery-burden factor satisfied (and a stay appropriate) when "the vast majority" of plaintiffs' document requests sought "[a]ny and all communications," "[a]ny and all documents," and "[a]ny and all documents and communications" about "myriad subjects." No. 21-cv-6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023). Likewise, in *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, the court concluded that the plaintiff's request for "ten broad categories of documents, including all documents and communications regarding the [underlying contract] negotiation, drafting and performance of the relevant policies" was "expansive enough in its wording to impose significant discovery obligations on Defendants" and supported a stay. No. 19-cv-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). *See also, e.g.*, *Negrete v. Citibank, N.A.*, No. 15-cv-7 250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015). The same is true here. Defendants and third parties will shoulder a substantial burden if forced to respond to Plaintiffs' sweeping document requests while Defendants' meritorious motion to dismiss is pending. *See Magee v. Walt Disney Co.*, No. 1:19-cv-10274 (AJN) (SDA), 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) ("responding to discovery" was "likely to be burdensome" in part because plaintiff had sought discovery from various third parties). And because Defendants' motion, if granted, would dispose of all of Plaintiffs' claims, the discovery burdens in this case will hinge entirely on how Defendants' motion is resolved. *Contra Bennett v. Cuomo*, No. 22-cv-7846 (VSB), 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023). The discovery-burden factor thus favors a stay.

### III.   A Stay Would Not Remotely Prejudice Plaintiffs.

Plaintiffs will suffer no prejudice from the modest stay Defendants seek here. Defendants' motion to dismiss will be fully briefed by April 19, 2024 (*see* Dkt No. 29), so any stay of discovery will be limited. It also will not threaten the overall progress of the case, which is in its infancy, due in part to Plaintiffs' decision to amend their complaint. Courts have declined to find prejudice when a stay would potentially lead to even further delay. *See Spinelli v. Nat'l Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting a stay even though the case was "already two years old"). In any event, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli*, 2023 WL 6795253, at *2 (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018)). *Accord, e.g.*, *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380 (LAK) (JLC), 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023). That principle forecloses any assertion that Plaintiffs will be prejudiced, much less unfairly so, from the modest stay Defendants seek here.

\*\*\*

For the foregoing reasons, the Court should stay discovery pending the resolution of Defendants' motion to dismiss.

March 8, 2024
Page 4

                                                Sincerely,

                                                /s/*Jeffrey G. Landis*

                                                    Jeffrey G. Landis