UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMMA AFRIYIE and ROY CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC and PEACOCK TV, LLC<br><br>Defendants. | Case No. 1:23-cv-09433-VSB |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties in the above-captioned action request that the Court enter this Stipulated Confidentiality and Protective Order (alternatively, the "Order") to protect the confidentiality of certain nonpublic and confidential material that is likely to be exchanged during discovery and to address the potential disclosure of protected material, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

Good cause exists to issue this appropriately tailored Confidentiality and Protective Order due to the parties' expectation that discovery will involve confidential documents or information, the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed and the need to protect against injury caused by dissemination of confidential documents and information.

It is hereby ORDERED that the parties to this action, third parties who produce Discovery Material in accordance with the terms of this Order, and all other interested persons who become

1

bound by this Order by signifying their assent to it through execution of the Acknowledgment annexed hereto shall adhere to the following terms:

**Discovery Materials May Be Designated as "Confidential" or "Highly Confidential"**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action, including responses to third-party or non-party subpoenas) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such "Protected Discovery Material" to anyone else except as expressly permitted in accordance with this Order.

2. All Discovery Material produced or adduced in this action shall be subject to this Order. All Protected Discovery Material shall be used solely for the purpose of prosecuting, defending, or otherwise seeking adjudication of this action. The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by parties or professionals to or in court or in other settings that might reveal Protected Discovery Material.

3. The person producing Discovery Material may designate as "Confidential" any portion thereof that constitutes and/or contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or, in the good faith opinion of the producing person, is necessary to protect the producing person's business, commercial, financial, or personal interests, or would cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

4. The person producing Discovery Material may designate as "Highly Confidential" any portion thereof that constitutes and/or contains highly sensitive Confidential information or items, such as trade secret information or computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of harm that could not be avoided by less restrictive means.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. With respect to Protected Discovery Material that is produced as electronically stored information ("ESI") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the designating party may label the production media "Confidential" or "Highly Confidential" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that the Protected Discovery Material is produced.

6. Deposition transcripts, or portions thereof (including exhibits), may be designated "Confidential" or "Highly Confidential." Such designation can be made during the deposition. If only a portion of the deposition is designated "Confidential" or "Highly Confidential" during the deposition, the designated testimony shall later be identified by page and line number within thirty (30) days of receipt of the final deposition transcript. Such designations may also be made after the conclusion of the deposition by page and line number, again within thirty (30) days of receipt

of the final deposition transcript. If a confidentiality designation was not made during the deposition, the entire deposition transcript shall be treated as Highly Confidential for thirty (30) days after receipt of the deposition transcript unless the designating party has earlier indicated a different designation. The front page of any deposition containing Protected Material shall be marked by the court reporter as follows: "CONTAINS CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION GOVERNED BY CONFIDENTIALITY AND PROTECTIVE ORDER." The designating party shall have the right to have all persons except the deponent and his counsel, counsel of record for the parties, the court reporter, and such other persons as are permitted under this Order, as appropriate, excluded from a deposition, or any portion thereof, before the taking therein of the testimony that the designating party designates as Confidential or Highly Confidential under this Order.

7.  If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously disclosed without limitation should be designated as "Confidential" or "Highly Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bear the "Confidential" or "Highly Confidential" designation within two (2) business days of providing such notice.

8.  Any party that objects to a confidentiality designation of any document or transcript (the "Challenging Party") must notify the designating person (the "Designating Party") in writing, along with a concise statement of the basis for the objection, copying all parties. After receipt of the objection, the parties shall have fourteen (14) days to engage in the conferral and prefiling

requirements in Local Civil Rule 37.2 and Judge Broderick's Individual Rules & Practices in Civil Cases, except that, to limit undue motion practice and court filings, the Parties agree that, should the Challenging Party challenge, or expect to challenge, the Designating Party's confidentiality designations on more than one item of Discovery Material, the Parties will meet and confer to determine an efficient means for presenting the Parties' disputes to the Court, including potentially through an omnibus submission covering multiple challenges. If the Court has denied the request for a pre-motion discovery conference, or the discovery dispute has not been resolved as a consequence of such a conference, the Designating Party then shall have fourteen (14) days, or some other time period the Parties agree upon, to file a motion seeking a Court order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(g) shall be upon the Designating Party. During the objection process, including if a motion is filed, the parties shall continue to treat the designated information at issue as Confidential or Highly Confidential until the Court rules on the motion.

**Who May Receive Protected Discovery Material**

9. No person subject to this Confidentiality and Protective Order, other than the producing person, shall disclose any Protected Discovery Material designated as "Confidential" to any other person, except to:

(a) the named parties to this action, including in-house counsel for defendants and the employees and personnel who work with such attorneys to whom disclosure is reasonably necessary for this litigation;

(b) the directors, officers, or employees of the receiving party or the receiving party's subsidiaries or affiliates engaged in assisting the receiving party's counsel in

connection with the above-referenced action after such director, officer, or employee has executed the Acknowledgment annexed hereto;

(c) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action and to whom disclosure is reasonably necessary for this litigation;

(d) as to any document, its author, its addressee, any other person shown on the face of the document as having received a copy and any person in good faith reasonably believed to have knowledge of its contents;

(e) during or in preparation for their depositions in this litigation, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary for this litigation;

(f) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action to whom disclosure is reasonably necessary, including such person's staff, provided such person has first executed the Acknowledgment annexed hereto;

(g) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(h) Independent photocopying, graphic production services, professional jury or trial consultants, mock jurors, e-discovery service-providers, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, to whom disclosure is reasonably necessary and who have executed the Acknowledgment annexed hereto, except that it is sufficient for a single "project manager" or "team leader"

to sign the Acknowledgment on behalf of the entity providing document and ESI processing, hosting, review, and production or similar services;

(i)    the Court and its staff; and

(j)    any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

10.    No person subject to this Confidentiality and Protective Order, other than the producing person, shall disclose any Protected Discovery Material designed as "Highly Confidential" to any other person, except to:

(a)    in-house counsel for defendants and the employees and personnel who work with such attorneys to whom disclosure is reasonably necessary for this litigation;

(b)    counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action and to whom it is reasonably necessary to disclose the Highly Confidential Discovery Material;

(c)    as to any document, its author, its addressee, any other person shown on the face of the document as having received a copy and any person in good faith reasonably believed to have knowledge of its contents;

(d)    during or in preparation for their depositions in this litigation, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary;

(e)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action to whom

7

disclosure is reasonably necessary, including such person's staff, provided such person has first executed the Acknowledgment annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) Independent photocopying, graphic production services, professional jury or trial consultants, mock jurors, e-discovery service-providers, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, to whom disclosure is reasonably necessary and who have executed the Acknowledgment annexed hereto, except that it is sufficient for a single "project manager" or "team leader" to sign the Acknowledgment on behalf of the entity providing document and ESI processing, hosting, review, and production or similar services;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Highly Confidential," agrees in writing may have access to such Highly Confidential Discovery Material.

11. Recipients of Protected Discovery Material under this Confidentiality and Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Confidentiality and Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Confidentiality and Protective Order limit or restrict the rights of any

person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

12. Any Protected Discovery Material, including Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, driver's license numbers, passwords, or information that may be used for identity theft), exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.

**Source Code**

13. The terms governing the disclosure, review, and protection of source code, if any, are not addressed at this time but will be the subject of future agreement or order as the need may arise.

**Filing Confidential Materials in this Action**

14. A Party may not file in the public record in this litigation any Protected Discovery Material. A Party that seeks to file under seal any Protected Discovery Material must comply with the Court's Individual Practices, including Section 5.B.

**Disclosure of Privileged or Otherwise Protected Materials**

15. Under Federal Rule of Evidence 502(d), the production of any documents, ESI, or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents or that information, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law ("Protected Information"). This paragraph shall constitute an order pursuant to FRE 502(d) and shall be interpreted to provide the maximum protection allowed by FRE 502(d), but nothing

contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. If a disclosing person claims that it has disclosed Protected Information, all receiving persons shall, within five (5) business days, return or destroy all copies of the Protected Information, and provide notification by email to counsel that all such information has been returned or destroyed, except that if that the receiving person challenges or contests the privilege or protection, it shall notify the disclosing person and be allowed to retain a sequestered copy of the document to contest the privilege or protection until the Court determines the document is privileged or protected, which copy must be destroyed or returned to the disclosing person if the court upholds the claim of privilege or protection. If a disclosing person makes a claim of disclosure of Protected Information with respect to more than 100 documents in a seven-day period, the receiving person shall be provided an additional ten (10) business days to review such documents to dispute the privilege or protection asserted. Notwithstanding the limitations set forth above, a Party is not precluded from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulation and Order. The Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action that a producing party does not claw back within 30 days of its use ("Used Document") shall be analyzed under FRE 502(b) as opposed to FRE 502(d), however, such Used Document shall not result in a subject matter waiver in this action or in any other state or federal proceeding. Nothing in this Order is intended to preclude either party from seeking fees or expenses associated with the unreasonable or excessive claw back of documents. Nothing in this Order shall prevent the receiving person from

preparing a record for its own use containing the date, author, addresses, and topic of the produced Protected Information and such other information as is reasonably necessary to identify the Protected Information and describe its nature to the Court in any motion to compel production of the Protected Information.

17. Within five (5) business days of a notification pursuant to Paragraph 16 of this Order that (a) Protected Information has been returned or destroyed, or (b) that the receiving person intends to challenge the privilege or protection, the disclosing person shall produce a privilege log with respect to the Protected Information.

18. If a receiving person thereafter moves the Court for an order compelling production of the Protected Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the production. The disclosing person retains the burden of establishing the privileged or protected nature of any disclosed Protected Information. Nothing in this Order shall limit the right of any party to request an in camera review of disclosed Protected Information.

19. No claim of disclosure of Protected Information shall be made after 30 days prior to the close of fact discovery.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Application of this Order to Third Parties**

22. A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Confidentiality and Protective Order as an attachment to the subpoena and state that the subpoenaed party (the "Subpoenaed Party") must disclose any documents or information in accordance with the terms of this Order. Should the Subpoenaed Party object to disclosing information in accordance with the terms of this Order, all parties to this action, along with the Subpoenaed Party, shall meet and confer in good faith to ensure that any party that has a confidentiality interest in information disclosed by the Subpoenaed Party may designate that information as Confidential or Highly Confidential. Nothing in this Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the parties or third parties to object to a subpoena.

23. Per the ESI Protocol in this action, the Issuing Party may request that the Subpoenaed Party simultaneously produce documents to the Issuing Party and all other parties. If the Subpoenaed Party produces documents only to the Issuing Party, the Issuing Party should produce the Subpoenaed Party's documents to all other parties within, to the extent practical given the data volume, seven days.

**Miscellaneous**

24. Nothing in this Order abridges the right of any person to seek its modification by the Court.

25. None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed before receiving Protected Discovery Material.

26. Nothing in this Order shall restrict a party's ability or rights, all of which are expressly reserved, to present any claims or defenses.

**PREPARED AND STIPULATED TO BY:**

Counsel for Plaintiffs:

/s/ *Christian Levis*
Christian Levis
Nicole A. Veno
Amanda Fiorilla
Claire Noelle Forde
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
nveno@lowey.com
afiorilla@lowey.com
nforde@lowey.com

Michael Canty
Carol Villegas
Danielle Izzo
Gloria Medina
**LABATON KELLER SUCHAROW LLP**
140 Broadway, 34th Fl.
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com
dizzo@labaton.com
gmedina@labaton.com

Dated: August 14, 2024

Counsel for Defendants:

/s/ *Jeffrey Landis*
Jeffrey Landis
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
jeff@zwillgen.com

Benjamin S. Thomassen (*pro hac vice*)
**ZWILLGEN PLLC**
One North LaSalle St. Suite 4600
Chicago, IL 60602
Main: (312) 685-2278
ben.thomassen@zwillgen.com

Dated: August 14, 2024

It is **SO ORDERED** this   15   day of        August        2024.

_____
Vernon S. Broderick
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMMA AFRIYIE and ROY CAMPBELL, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC and PEACOCK TV, LLC<br><br>      Defendants. | Case No. 1:23-cv-09433-VSB |

**ACKNOWLEDGMENT**

  I, _____ [print name], acknowledge that I have read and understand the Confidentiality and Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential. I agree to be bound by the Order and understand that execution of this Acknowledgment is a prerequisite to my review of any Confidential or Highly Confidential Information that I am not otherwise authorized to review under the terms of the Order. I acknowledge that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation. I also agree that at the conclusion of the litigation, I will return all Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder. I further understand that my willful violation of any term of the Confidentiality and Protective Order could subject me to punishment for contempt of court.

Dated: _____          _____
                                [Signature]