UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMMA AFRIYIE and ROY CAMPBELL,
individually and on behalf of all others
similarly situated,

                          Plaintiffs,

                 v.

NBCUNIVERSAL MEDIA, LLC and
PEACOCK TV, LLC,

                          Defendants.

---

1:23-CV-09433-LTS

MEMORANDUM ORDER

On March 31, 2025, the Court granted Defendants NBCUniversal Media, LLC's

and Peacock TV, LLC's motion to dismiss Plaintiffs Amma Afriyie's and Roy Campbell's First

Amended Class Action Complaint but permitted Plaintiffs to file a motion for leave to file an

amended complaint.  (Docket entry no. 49.)  Now before the Court is Plaintiff's amended motion

for leave to file a Second Amended Class Action Complaint.[1]  (Docket entry no. 60.)  The Court

has subject matter jurisdiction of this action under 28 U.S.C. sections 1331, 1332(d)(2)(A),

and 1367(a).

        The Court has considered carefully the parties' submissions.  (Docket entry no. 61

("Pls. Mem."); docket entry no. 62-1 ("Proposed SACAC"); docket entry no. 63 ("Defs. Mem.);

docket entry no. 65 ("Pls. Reply"); see also docket entry nos. 71-74 (supplemental submissions).)

---

[1]    On April 21, 2025, Plaintiffs made their original motion for leave to file a second
       amended complaint.  (Docket entry no. 50.)  Shortly thereafter, the Second Circuit
       published Solomon v. Flipps Media, Inc., 136 F.4th 41 (2d Cir. 2025).  The Court
       directed parties' attention to Solomon, whereupon the parties agreed to a revised briefing
       schedule and Plaintiffs filed the instant, amended motion for leave to file a second
       amended complaint.  (Docket entry no. 60.)

For the reasons set forth below, Plaintiffs' motion is denied, and the Clerk of the Court is directed to close this action.

Because this action is dismissed, Plaintiffs' motion to consolidate it with the action captioned Williams v. NBCUniversal Media, LLC, No. 25-CV-07614-LTS-VF, is denied as moot.  (Docket entry no. 68; see also docket entry nos. 69-70.)

## BACKGROUND[2]

The following background summary is drawn from the Proposed Second Amended Class Action Complaint (the "Proposed SACAC"), the well-pleaded factual allegations of which are taken as true for the purposes of this motion to dismiss practice.  (See docket entry no. 62-1.)

The First Amended Class Action Complaint and the Court's Motion to Dismiss Order

The First Amended Class Action Complaint (the "FACAC") brought claims in connection with the data sharing practices of certain video streaming apps operated by Defendants under the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. ("VPPA"); the New York Video Consumer Protection Act, N.Y. GEN. BUS. LAW §§ 670-75 ("VCPA"); the New York Uniform Deceptive Trade Practice Act, N.Y. GEN. BUS. LAW ("GBL") § 349; and as well as a claim for unjust enrichment.  (Docket entry no. 49 ("MTD Order") at 1, also available at Afriyie v. NBCUniversal Media, LLC, 775 F. Supp. 3d 791, 796 (S.D.N.Y. 2025).)  Specifically, the FACAC brought claims regarding four different apps: the Peacock TV App, the CNBC News App, the NBC News App, and the NBC Sports App.  Afriyie, 775 F. Supp. 3d at 796.

The FACAC alleged that named Plaintiffs Amma Afriyie and Roy Campbell (the "Old Named Plaintiffs") only subscribed to the Peacock TV App and the CNBC News App.  Id.

---

[2]    All pincites to materials on the docket refer to ECF-designated pages.

at 798.  Afriyie and Campbell, nonetheless, sought to represent a class that would include not only subscribers to the Peacock TV App and the CNBC News App, but also a class of subscribers to the NBC News App and the NBC Sports App.  Id. at 799.  In the MTD Order, the Court dismissed all of the claims raised in connection with the NBC News App and the NBC Sports App because: (1) the Old Named Plaintiffs "lack[ed] individual Article III standing to raise claims with respect to the NBC News App and the NBC Sports App because they did not use or purchase those apps," id., and (2) the Old Named Plaintiffs lacked "class standing" because "the types of information disclosed by the Purchased NBC Apps [the Peacock TV App and the CNBC News App] are not contiguous with the types of information disclosed by the Unpurchased NBC Apps [the NBC News App and the NBC Sports App]," id. at 801-03.  The MTD Order also dismissed the claims raised in connection with the Purchased Apps because those apps did "not disclose 'personally identifiable information' within the meaning of the VPPA and VCPA" and because the "GBL section 349 and unjust enrichment claims [were] derivative of, and allege[d] no underlying conduct beyond, [the] VPPA and VCPA claims."  Id. at 803.

The Proposed Second Amended Class Action Complaint

Like the First Amended Class Action Complaint, Plaintiffs' Proposed Second Amended Class Action Complaint brings claims under the VPPA, the VCPA, and GBL § 349, as well as a claim for unjust enrichment, in connection with the data sharing practices of certain video streaming apps operated by Defendants.  (Proposed SACAC ¶¶ 179-220.)  There are, however, several key differences between the FACAC and the Proposed SACAC.

First, the Proposed SACAC drops Afriyie and Campbell as named plaintiffs, replacing them with three new named plaintiffs: Michael Williams, Kellie Prevost, and Scott Warburton (collectively, the "New Named Plaintiffs").  (Id. ¶¶ 10-43.)  Second, the Proposed

SACAC drops all claims associated with the Peacock TV App and the CNBC News App.[3]  (See Pl. Mem. at 6 ("Plaintiffs have also dropped their claims regarding the Peacock TV App and CNBC News app in response to [Solomon v. ]Flipps based on their current understanding of the data transmitted by those apps.").)  Third, the Proposed SACAC raises, for the first time, claims in connection with the NBC App, the MSNBC App, and the Bravo App.  (Proposed SACAC ¶¶ 179-220.)  Finally, the Proposed SACAC drops Defendant Peacock TV, LLC but adds Defendants NBC News Digital, LLC and the Comcast Corporation.  (Id. ¶¶ 44-46.)

The Proposed SACAC alleges that the New Named Plaintiffs purchased the NBC App, the NBC News App, the MSNBC App, the NBC Sports App, and the Bravo App (collectively, the "NBC Apps").  (Id. ¶¶ 10-43.)  These New Named Plaintiffs seek to bring claims on behalf of a class of subscribers of these NBC Apps.  (Id. ¶ 155.)

DISCUSSION

The parties principally dispute whether Plaintiffs may amend their complaint to substitute the New Named Plaintiffs for the Old Named Plaintiffs in order to re-raise the previously dismissed NBC News App and NBC Sports App claims, as well as to raise new, previously un-raised, claims in connection with the NBC App, the MSNBC App, and the Bravo App.  Plaintiffs assert, without any elaboration, that the proposed amendment "cures the class standing issue" identified in the MTD Order.  (Pl. Mem. at 5, 7-8.)  In opposition, Defendants contend that this amendment is an improper attempt to create subject matter jurisdiction where

---

[3]    The New Named Plaintiffs are not alleged to have used the Peacock TV App or the CNBC News App.  (Proposed SACAC ¶¶ 10-43.)

none otherwise exists.[4]  (Defs. Mem. at 16-18.)  For the reasons set forth below, the Court agrees with Defendants.

As the MTD Order explained, the Old Named Plaintiffs "lack[ed] individual Article III standing to raise claims with respect to the NBC News App and the NBC Sports App because they did not use or purchase those apps."  Afriyie, 775 F. Supp. 3d at 799.  The Old Named Plaintiffs also lacked "class standing" to raise claims with respect to those apps because "the types of information disclosed by the Purchased NBC Apps [the Peacock TV App and the CNBC News App] are not contiguous with the types of information disclosed by the Unpurchased NBC Apps [the NBC News App and the NBC Sports App]."[5]  Id. at 801.  Because the NBC News App and NBC Sports App claims were never properly before the Court, the Court never had subject matter jurisdiction of those claims.  See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 112 n.21 (2d Cir. 2013) ("Where the named plaintiff's claim is one over which 'federal jurisdiction never attached,' there can be no class action." (quoting Crosby v. Bowater Inc. Ret. Plan for Salaried Emps. of Great N. Paper, Inc., 382 F.3d 587, 597 (6th Cir. 2004))); see also Town of Chester v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017) (explaining that "standing is not dispensed in gross," but "[t]o the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief

---

[4]  Plaintiffs do not even address the jurisdictional issue raised by Defendants.  See Kao v. Brit. Airways, PLC, No. 17-CV-00232-LGS, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue.").  Plaintiffs' opening memorandum asserts, without any elaboration, that the proposed amendment "cures the class standing issue" identified in the MTD Order.  (Pl. Mem. at 5, 7-8.)  Plaintiffs' reply memorandum to Defendants' opposition does not discuss the jurisdictional issue or any of the cases cited by Defendants.  (See generally Pls. Reply.)

[5]  "Class standing" refers to the standing of named plaintiffs to assert claims on behalf of absent class members.  See Afriyie, 775 F. Supp. 3d at 799.

that is sought").  Plaintiffs cannot retroactively cure subject matter jurisdiction now, by substituting or adding new named plaintiffs.  See 1 NEWBERG ON CLASS ACTIONS § 2:8, Westlaw (database updated Dec. 2025) ("[I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed.  If the case only had this one class representative from the outset, then there is no opportunity for a substitute class representative to take the named plaintiff's place because this means that the court never had jurisdiction over the matter." (collecting cases)); 3 MOORE'S FEDERAL PRACTICE – CIVIL § 15.14, LexisNexis, (database updated 2025) ("A plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists." (collecting cases)); 7C WRIGHT & MILLER, § 1917, Westlaw (database updated Sep. 2025) ("Intervention cannot cure any jurisdictional defect that would have barred the federal court from hearing the original action." (collecting cases)).

Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889 (2d Cir. 1983), is instructive.  In that case, a pension fund lacked statutory standing to sue under the ERISA statute, and pension plan participants were not allowed "to amend the complaint and substitute plan participants as plaintiffs."  Id. at 893. According to Pressroom, amendment was improper because, "if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim."  Id. (citations omitted).

Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc., 675 F.3d 149 (2d Cir. 2012), applied the principle enunciated by Pressroom.  In Disability Advocates, the court held that the plaintiff lacked constitutional standing and that the

intervention of a third party with standing was insufficient to sustain the case, even though the case had already gone to trial.  Id. at 149, 154-56, 160-62 ("[I]f jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." (quoting Pressroom, 700 F.2d at 890)).

Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95 (2d Cir. 2013), is also analogous.  In that case, after the court held that the named plaintiffs lacked standing to raise claims arising from offerings in which they had not purchased any securities, "members of the asserted class . . ., but [who] were never named plaintiffs," moved to intervene under Rule 24 and sought to "relate back" their proposed amended complaint under Rule 15(c).  Id. at 110-11.  In doing so, the intervening plaintiffs, who had actually purchased the securities at issue, sought to bring the claims that the named plaintiffs were unable to assert.  Id.  The court rejected this maneuver because "no named plaintiff in the suit had constitutional standing to bring the claims that the proposed intervenors later sought to assert[.]" Id. at 111.  "The District Court lacked jurisdiction over certain claims of the original lead plaintiff—the very claims now asserted by the proposed intervenors—and that defect may not be cured by later intervention."  Id.; see also id. ("[I]f jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." (quoting Disability Advocates, 675 F.3d at 160)).

Other Circuits are in accord.  See, e.g., Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (holding that a class member could not substitute for the sole named plaintiff where named plaintiff "never had standing" to raise claims on behalf of a class and where named plaintiff "never was a member of the class she was named to represent" (quoting Foster v. Center Township of LaPorte County, 798 F.2d 237, 244-45 (7th Cir. 1986)));

Walters v. Edgar, 163 F.3d 430, 432-33 (7th Cir. 1998) (holding that "if the named plaintiffs lacked standing when they filed the suit, there were no other party plaintiffs to step into the breach created by the named plaintiffs' lack of standing" and dismissing action even though the action had already gone to trial); Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1282-83 (5th Cir. 1981) ("Since [original named plaintiff] had no standing to assert a claim, it was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs and a new cause of action.").[6]

Accordingly, the motion for leave to amend the NBC News App and NBC Sports App claims is denied because the proposed amendments would be futile. The Court never had

---

[6]    The Court is aware of contrary authority from the First Circuit, but it is otherwise bound by controlling precedent from the Second Circuit. Cf. Yan v. ReWalk Robotics Ltd., 973 F.3d 22, 36 (1st Cir. 2020) ("The better-reasoned authority, though, allows a court to entertain and grant a motion to amend filed by a plaintiff who lacks standing to pursue the claim pleaded."). Furthermore, to the extent Yan cites Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19-21 (2d Cir. 1997) as support, Advanced Magnetics is distinguishable. Advanced Magnetics arose in the unique context of the real-party-in-interest doctrine and Rule 17(a)(3). See Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 386-92 (2d Cir. 2021) (discussing Advanced Magnetics and Rule 17(a)(3)). That doctrine and rule are inapplicable here.

subject matter jurisdiction of the NBC News App and NBC Sports App claims, and the Plaintiffs cannot cure that defect after-the-fact by substituting in or adding the New Named Plaintiffs.[7]

Likewise, the Court lacks subject matter jurisdiction of the proposed NBC App, MSNBC App, and Bravo App claims.  Because there was no allegation that the Old Named Plaintiffs ever purchased those apps, those claims were never properly before the Court in the

---

[7]    To the extent that "class standing" is conceptualized as an issue of class certification and questions of commonality, typicality, or adequacy, see Afriyie, 775 F. Supp. 3d at 800, the Old Named Plaintiffs lacked class standing because they failed to properly establish their ability to represent a class of NBC News App and NBC Sports App subscribers. "[U]ntil certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification because until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs."  Police & Fire, 721 F.3d at 112 n.22 (quoting Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 616 (7th Cir. 2002))); see also Gibson v. Chrysler Corp., 261 F.3d 927, 940 (9th Cir. 2001) (observing that "a class action, when filed, includes only the claims of the named plaintiff or [named] plaintiffs" and that "[t]he claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23"); Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) (explaining that "in the absence of certification, there is no class action under Rule 23," and because "unnamed class members are not technically part of the action until the court has certified the class . . . once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted").  Without a properly constituted class of NBC News App and NBC Sports App subscribers, the only action before the Court was that of the Old Named Plaintiffs, and the Old Named Plaintiffs lacked individual standing to raise the NBC News App and NBC Sports App claims because they never subscribed to those apps.  Thus, the Court did not have subject matter jurisdiction of those claims.

Likewise, Plaintiffs' motion does not merely seek to substitute the class representatives for an otherwise properly certified class because there was never a properly certified class to begin with.  See Sirota v. Solitron Devices, Inc., 673 F.2d 566, 572 (2d Cir. 1982) ("Although a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met, it need not decertify whenever it later appears that the named plaintiffs were not class members or were otherwise inappropriate class representatives.").

first instance.[8]  For the reasons discussed above, Plaintiffs cannot cure that jurisdictional defect now, by substituting in or adding the New Named Plaintiffs, and the action is accordingly dismissed.

Because this action is dismissed, Plaintiffs' motion to consolidate this action with the action captioned Williams v. NBCUniversal Media, LLC, No. 25-CV-07614-LTS-VF, is denied as moot.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is denied.  The action is accordingly dismissed in its entirety for lack of subject matter jurisdiction, and the Clerk of the Court is directed to close this action and terminate all open motions, including docket entries no. 50, 60, and 68.

SO ORDERED.

Dated: New York, New York
       March 30, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[8]    The Old Named Plaintiffs did not raise any claims with respect to the NBC App, MSNBC App, and Bravo App in the First Amended Class Action Complaint.  Had they done so, they would have lacked standing and class standing to do so because there was no allegation that they purchased those apps.  See Afriyie, 775 F. Supp. 3d at 799-803.